IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT P. DERRICKSON, JR.,        )
       Petitioner,             )
                              )
         v.                  )  Civil Action No. 08-652
                              )
THE DISTRICT ATTORNEY OF THE COUNTY  )
OF ALLEGHENY, et al.,          )
       Respondents.           )

Memorandum and Order

Mitchell, M.J.

MEMORANDUM

Robert P. Derrickson, Jr. an inmate at the State Correctional Institution at Smithfield has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition is subject to dismissal. However, in accordance with the requirements of <u>United States v. Bendolph</u>, 409 F.3d 155 (3d Cir.2005), the petitioner will have until June 17, 2008 to file an amended petition correcting those deficts.

Derrickson is presently incarcerated at the State Correctional Institution at Smithfield serving a technical parole violation sentence from Fayette County. However, in the instant petition, he seeks to challenge a five year probationary sentence imposed, following his conviction upon a plea of nolo contendere to charges of indecent assault, endangerment of children and corruption of minors at No. CC 200216598 in the Court of Common Pleas of

Allegheny County, Pennsylvania. This sentence was imposed on February 9, 2005.[1]   Apparently

no appeal was taken but on September 15, 2005, Derrickson filed a post-conviction petition.[2]

That petition was denied on February 1, 2006.[3] No further action was taken until the petitioner

filed a motion to modify or vacate his sentence on April 23, 2008.[4] The latter petition is currently

pending in the Court of Common Pleas.

The instant petition was executed on May 11, 2008 and in it, Derrickson contends he is

entitled to relief on the following grounds:

1. Ineffective assistance of counsel.

2. Double jeopardy.

3. Violation of constitutional rights to a fair and impartial trial.

4. Denial of right to confront his accusers.[5]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody
pursuant to the judgment of a State court shall not be granted unless it appears that
the applicant has exhausted the remedies available in the courts of the State, or
that there is either an absence of available State corrective process or the existence
of circumstances rendering such process ineffective to protect the rights of the
prisoner.

This statute represents a codification of the well-established concept which requires that

before a federal court will review any allegations raised by a state prisoner, those allegations

---

[1] See: Petition at ¶¶ 1-6.

[2] See: Petition at ¶ 9 and Allegheny County Docket : CP-02-CR-0016598-2002.

[3] Id.

[4] See: Petition at ¶ 11 and Allegheny County Docket: CP-02-CR-0016598-2002.

[5] See: Petition at ¶ 12,

must first be presented to that state's highest court for consideration. Presser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Presser v. Rodriguez, supra.; Walker v. Vaughan, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughan, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hamden v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the

state court decides a case differently than this Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, further held that "[under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in <u>Williams v. Taylor</u> made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it is apparent that Derrickson never sought appellate relief from the appellate courts of the Commonwealth nor has he made any showing that requiring him to do so would be an exercise in futility.[6] In addition, he presently has a petition to modify or vacate sentence pending in the Court of Common Pleas.[7]

We note, however, that in <u>Coleman v.Thompson</u>, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Clearly, the petitioner has failed to raise the issues he seeks to raise here in the appellate courts of the Commonwealth, nor was he prevented from doing so in a timely manner. For this reason, he

---

[6] By the petitioner's own admission he did not appeal these matters. See for example, Ground One at subparagraph b.

[7] We also assume without deciding that the petitioner meets the "in custody" requirements of the Act.

has procedurally defaulted the remedies available to him in the Commonwealth courts and his petition here is procedurally barred.

Additionally, It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, Derrickson's post-conviction petition was denied on February 1, 2006 and no appellate relief was sought. However, on April 23, 2008 he filed a motion in the Court of Common Pleas to reduce or modify his sentence, and the instant petition was executed on May 11, 2008.

Additionally, it should also be noted that there was no impediment created by state law which prevented the petitioner from raising the issues which he seeks to raise here; the grounds which the petitioner alleges in support of the instant petition are not "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" and there is no factual basis for alleging a newly discovered claim. Thus, the instant petition is also time barred.

For the above reasons the petition of Robert P. Derrickson, Jr. for a writ of habeas corpus is subject to dismissal. An appropriate Order will be entered.

ORDER

AND NOW, this 3rd day of June, 2008, the petitioner is advised that pursuant to the foregoing Memorandum, his petition is subject to dismissal;

IT IS FURTHER ORDERED that pursuant to <u>United States v. Bendolph</u>, 409 F.3d 155 (3d Cir. 2005), if he so desires, on or before June 17, 2008, the petitioner submit an amended petition addressing the deficiencies in his present petition;

AND IT IS FURTHER ORDERED that failure to respond or failure to submit an adequate response will result in the dismissal of the above petition and entry of an appropriate judgment.

s/ Robert C. Mitchell,
United States Magistrate Judge